IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON SHURB, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| THE UNIVERISTY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT HOUSTON- | § | |
| SCHOOL OF MEDICINE; THE | § | |
| METHODIST HOSPITAL; PATRICIA | § | |
| E. CAVER, Individually and in her Official | § | |
| Capacity as Director of Admissions and | § | |
| Student Affairs at the University of Texas | § | Civil Action No. 4:13-cv-00271 |
| Medical School at Houston; GIUSEPPE | § | |
| N. COLASURDO, Individually and in his | § | |
| Official Capacity as Dean at the University | § | |
| of Texas Medical School at Houston; | § | |
| MARGARET C. MCNEESE, Individually | § | |
| And in her Official Capacity as Associate | § | |
| Dean for Admissions and Student Affairs; | § | |
| DOE I and DOES II-XX, inclusive, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT THE METHODIST HOSPITAL'S ANSWER
AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE KENNETH M. HOYT:

COMES NOW, **THE METHODIST HOSPITAL** ("Methodist"), by and through its attorney of record, and files this its Original Answer and Affirmative Defenses, responding to Plaintiff's Amended Complaint and Jury Demand as follows:

1. Responding to Paragraph 1, Methodist lacks knowledge and sufficient information to admit or deny the allegations as written.

2. Responding to Paragraph 2, Methodist admits that Plaintiff was admitted to its facility on September 10, 2011. The remaining allegations in Paragraph 2 are denied.

3. Responding to Paragraph 3, Methodist denies that Shurb was released from the Hospital without any special medical or mental health considerations. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 3.

4. Responding to Paragraph 4, Methodist denies that "Waters" illegally provided information to any party or non-party. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 4 as written.

5. Responding to Paragraph 5, Methodist lacks knowledge and sufficient information to admit or deny the allegations as written.

6. Responding to Paragraph 6, Methodist denies the allegations to the extent such allegations are directed at Methodist. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 6 as written.

7. Responding to Paragraph 7, Methodist lacks knowledge and sufficient information to admit or deny the allegations as written.

8. Responding to Paragraph 8, requires no response from Defendant Methodist as the allegation is not made towards this Defendant.

9. Responding to Paragraph 9, Methodist admits that Shurb attempts to bring suit against Methodist under the listed statutes but denies that the claims have merit.

10. Responding to Paragraph 10, Methodist denies the allegations as written.

11. Responding to Paragraph 11, Methodist admits the Court has jurisdiction, but denies that Plaintiff has a right to recovery as plead.

12. Responding to Paragraph 12, Methodist admits the Court has jurisdiction, but denies that Plaintiff has a right to recovery as plead.

13. Responding to Paragraph 13, Methodist admits the allegations as written.

14. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 14.

15. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 15.

16. Methodist admits the allegations in Paragraph 16.

17. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 17.

18. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 18.

19. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 19.

20. Methodist denies the allegations in Paragraph 20.

21. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 21.

22. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 22.

23. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 23.

24. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 24.

25. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 25.

26. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 26.

27. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 27.

28. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 28.

29. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 29.

30. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 30.

31. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 31.

32. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 32.

33. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 33.

34. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 34.

35. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 35.

36. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 36.

37. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 37.

38. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 38.

39. Methodist admits that Plaintiff was transferred to Methodist on or about September 10, 2011. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 39.

40. Methodist denies the allegations in Paragraph 40.

41. Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions with health care providers as documented within Plaintiff's medical records. Methodist denies the allegation as to Lindsay Waters, M.D. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 41 to the unidentified "student doctors."

42. Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records. Methodist denies the allegation as to Lindsay Waters, M.D., specifically that Waters acted improperly.

Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 42.

43.     Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records.  Methodist denies the allegation as to Lindsay Waters, M.D., specifically that Waters acted improperly. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 43 as written.

44.     Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records.  Methodist denies the allegation as to Lindsay Waters, M.D., specifically that Waters acted improperly towards Plaintiff.

45.     Methodist denies the allegations in Paragraph 45.

46.     Methodist admits that Plaintiff was not "committed" to the Hospital for mental health purposes, but denies that mental health and substance abuse assessments were not performed.

47.     Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 47 as written.

48. Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 48 regarding an alleged altercation between Plaintiff, Plaintiff's mother and two unidentified Baylor medical students as written.

49. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 49 regarding an alleged altercation between Plaintiff's mother, an attending psychiatrist and two unidentified Baylor medical students as written.

50. Methodist admits that Plaintiff underwent a medical evaluation and psychological assessment during the hospitalization, which required multiple patient interactions as documented within Plaintiff's medical records. Methodist denies that Plaintiff was improperly denied access to his medical records. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 50.

51. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 51.

52. Methodist admits that Plaintiff was released from Methodist on September 15, 2011. Methodist denies Plaintiff's allegation that "Dr. McLendon and her team wanted Shurb gone." Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 52.

53. Methodist denies Plaintiff's allegations that he was not given standard discharge documentation.

54. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 54.

55. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 55.

56. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 56.

57. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 57.

58. Methodist denies the portion of Paragraph 58 that pertains to Dr. McLendon, but lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 58.

59. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 59.

60. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 60.

61. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 61.

62. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 62.

63. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 63.

64. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 64.

65. Methodist denies Plaintiff's allegation of an unauthorized disclosure between Methodist personnel and The University of Texas Health Science Center at Houston. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 65.

66. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 66.

67. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 67.

68. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 68.

69. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 69.

70. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 70.

71. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 71.

72. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 72.

73. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 73.

74. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 74.

75. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 75.

76. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 76.

77. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 77.

78. Methodist incorporates by reference all responses in Paragraphs 1 through 77. Methodist denies the allegations in Paragraph 78.

79. Methodist admits the allegations in Paragraph 79.

80. To the extent that Paragraph 80 applies to Methodist, it is denied.

81. To the extent that Paragraph 81 applies to Methodist, it is denied.

82. To the extent that Paragraph 82 applies to Methodist, it is denied.

83. To the extent that Paragraph 83 applies to Methodist, it is denied.

84. Methodist incorporates by reference all responses in Paragraphs 1 through 83. Methodist denies the allegations in Paragraph 84.

85. Methodist denies the allegations in Paragraph 85.

86. Methodist admits that it receives federal financial assistance, but denies the remaining allegations in Paragraph 86.

87. Methodist admits that it is a facility. Methodist denies the remaining allegations in Paragraph 87.

88. Methodist denies the allegations in Paragraph 88.

89. Methodist denies the allegations in Paragraph 89.

90. Methodist denies the allegations in Paragraph 90.

91. Methodist denies the allegations in Paragraph 91.

92. To the extent that Paragraph 92 applies to Methodist, it is denied.

93. Methodist incorporates by reference all responses in Paragraphs 1 through 92. Methodist denies the allegations in Paragraph 93.

94. Methodist denies the allegations in Paragraph 94.

95. Methodist denies Plaintiff's allegation of an unauthorized disclosure between Methodist personnel and The University of Texas Health Science Center at Houston. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 95.

96. Methodist denies the allegations in Paragraph 96.

97. Methodist incorporates by reference all responses in Paragraphs 1 through 96. Methodist denies the allegations in Paragraph 97.

98. Methodist admits that Plaintiff was a patient, and has a reasonable right to privacy. Methodist lacks knowledge and sufficient information to admit or deny the remaining allegations in Paragraph 98.

99. Methodist denies the allegations in Paragraph 99.

100. Methodist denies the allegations in Paragraph 100.

101. Methodist denies the allegations in Paragraph 101.

102. Methodist denies the allegations in Paragraph 102.

103. Methodist incorporates by reference all responses in Paragraphs 1 through 102.

104. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 104.

105. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 105.

106. To the extent that Paragraph 106 applies to Methodist, it is denied..

107. To the extent that Paragraph 107 applies to Methodist, it is denied.

108. Methodist incorporates by reference all responses in Paragraphs 1 through 107.

109. Methodist denies the allegations in Paragraph 109.

110. Methodist denies the allegations in Paragraph 110.

111. Methodist denies the allegations in Paragraph 111.

112. Methodist denies the allegations in Paragraph 112.

113. Methodist denies the allegations in Paragraph 113.

114. Methodist incorporates by reference all responses in Paragraphs 1 through 113.

115. As applied to Methodist, Methodist admits the allegations in Paragraph 115.

116. To the extent that Paragraph 116 applies to Methodist, it is denied.

117. To the extent that Paragraph 117 applies to Methodist, it is denied.

118. Methodist admits the allegations in Paragraph 118.

119. Methodist admits the allegations in Paragraph 119.

120. Methodist denies the allegations in Paragraph 120.

121. Methodist denies the allegations in Paragraph 121.

121. Methodist incorporates by reference all responses in Paragraphs 1 through 121.

122. To the extent that Paragraph 122 applies to Methodist, it is admitted.

123. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 123.

124. Methodist lacks knowledge and sufficient information to admit or deny the allegations in Paragraph 124.

125. Methodist denies the allegations in Paragraph 125.

126. Methodist denies the allegations in Paragraph 126.

127. Methodist denies the allegations in Paragraph 127.

128. Methodist denies the allegations in Paragraph 128.

129. Methodist incorporates by reference all responses in Paragraphs 1 through 128.

130. Methodist admits the allegations in Paragraph 130.

131. Methodist denies the allegations in Paragraph 131.

132. Methodist denies the allegations in Paragraph 132.

133. Methodist denies the allegations in Paragraph 133.

134. Methodist denies the allegations in Paragraph 134.

135. Methodist denies the allegations in Paragraph 135.

136. Methodist incorporates by reference all responses in Paragraphs 1 through 136.

137. Methodist denies the allegations in Paragraph 137.

138. Methodist denies the allegations in Paragraph 138.

139. Methodist denies the allegations in Paragraph 139.

140. Methodist denies the allegations in Paragraph 140.

141. Methodist denies the allegations in Paragraph 141.

142. Methodist denies the allegations in Paragraph 142.

143. Methodist denies the allegations in Paragraph 143.

## **AFFIRMATIVE DEFENSES**

Subject to the foregoing, Defendant The Methodist Hospital pleads, in addition thereto, the following Affirmative Defenses:

144. Methodist alleges by way of affirmative defense that Plaintiff failed to use ordinary care and failed to do that which persons of ordinary prudence would have done under the same or similar circumstances or did that which persons of ordinary prudence would not have done under the same or similar circumstances.

145. Methodist further alleges by way of affirmative defense that, Plaintiff has failed to mitigate his damages, if any.

146. Alternatively, Plaintiff's damages, if any, were caused in whole or part by prior or subsequent acts not attributable to Methodist.

147. Methodist avers that Plaintiff's claims against it are healthcare liability claims. Tex. Civ. Prac. & Rem. Code § 74.001(13). *See e.g. Zuniga v. Healthcare San Antonio, Inc.*, 94 S.W.3d 778, 781 (Tex. App. – San Antonio, 2002, no pet.). Methodist denies that it is liable to Plaintiff for any amount of money damages and pleads, in addition, if damages are awarded, they are limited by law pursuant to Tex. Civ. Prac. & Rem. Code § 74.301-74.303.

148. Methodist further alleges that Plaintiff has failed to meet all conditions precedent to his bringing these claims against Methodist.

149. Alternatively, Methodist further alleges by way of affirmative defense that

any disclosure of health care information, if made, was proper and permitted.

150. Defendant, still urging and relying on the matters above, further alleges by way of affirmative defense that the occurrence, injuries, and damages complained of by Plaintiff were proximately caused by the negligent acts and/or omissions of third parties, persons, or entities over which Methodist had no control and no right to direct the details of the services provided.

151. Methodist reserves its right to amend the Answer and Affirmative Defenses as may be applicable during this litigation.

## PRAYER FOR RELIEF

152. WHEREFORE, PREMISES CONSIDERED, Defendant, **THE METHODIST HOSPITAL** prays that the Plaintiff take nothing by Plaintiff's suit against Methodist, that costs be assessed against Plaintiff, that Methodist be dismissed from this suit, and for such other and further relief, both general and special, at law and in equity, to which Methodist may be justly entitled.

Respectfully submitted,

SCOTT PATTON PC

By */s/ Dwight W. Scott, Jr.*
DWIGHT W. SCOTT, JR.
Texas Bar No. 24027968
Southern District of Texas ID. No. 31936
3939 Washington Avenue, Suite 203
Houston, Texas 77007
Telephone: (281) 377-3266
Facsimile: (281) 377-3267
dscott@scottpattonlaw.com

**Attorney-in-Charge for Defendant, The Methodist Hospital**

**CERTIFICATE OF SERVICE**

      I certify that a copy of the foregoing was filed electronically with the Clerk via the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

Jason J Bach
The Bach Law Group PLLC
2802 Flintrock Trace
Suite 255
Austin, TX 78738
512-879-3901
jbach@bachlawfirm.com

Darren Glenn Gibson
Texas Office of the Attorney General
PO Box 12548
Capitol Station
Austin, TX 78711
512-463-2120
darren.gibson@texasattorneygeneral.gov

                                                    /s/ Dwight W. Scott, Jr.
                                                    DWIGHT W. SCOTT JR.