IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON SHURB, § | |
|     Plaintiff, § | |
| § | Civil Action No. 4:13-cv-00271 |
| v. § | |
| § | |
| THE UNIVERSITY OF TEXAS § | |
| HEALTH SCIENCE CENTER AT § | |
| HOUSTON–SCHOOL OF MEDICINE, § | |
| *et al.*, § | |
|     Defendants. | |

**STATE DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY**

TO THE HONORABLE KENNETH M. HOYT:

Defendants The University of Texas Health Science Center at Houston ("UTHealth"), Dr. Guiseppe N. Colasurdo, Dr. Margaret C. McNeese, and Patricia E. Caver (collectively, the "State Defendants") file this unopposed Motion to Stay Discovery.

### I. NATURE AND STAGE OF PROCEEDINGS

This case arises out of Plaintiff Jason Shurb's enrollment at UTHealth's Medical School. Shurb alleges that he is a person with a disability and that Defendants took certain actions related to his disability that resulted in his withdrawal from the Medical School in the fall of 2011 and a one-year delay in his medical education. (Doc. 7, Am. Complt. ¶¶ 2-7.) Shurb brings numerous statutory and common-law claims against the defendants. For purposes relevant to this motion, Shurb has named three UTHealth

1

administrators as defendants in their individual capacities—Dr. Guiseppe N. Colasurdo, Dean of the Medical School; Dr. Margaret C. McNeese, Associate Dean for Admissions & Student Affairs; and Patricia E. Caver, Director of Admissions and Student Affairs (collectively, the "Individual Defendants"). Shurb asserts claims against the Individual Defendants under 42 U.S.C. § 1983 ("§ 1983") for alleged violations of his right to procedural due process, substantive due process, and equal protection under the United States Constitution. (Doc. 7 ¶¶ 121-143.)

Concurrently with this motion, the State Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint, which seeks dismissal of Shurb's claims pursuant to Rule 12(b)(1) and Rule 12(b)(6).

## II. STATEMENT OF THE ISSUES

The issue before the Court is whether discovery in this case should be stayed pending the Court's ruling on the State Defendants' motion to dismiss and any subsequent pleadings regarding the Individual Defendants' defense of qualified immunity. *See Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994-96 (5th Cir. 1995) ("we hold that *any* discovery by Wicks, even that limited in scope, is improper and immediately appealable as a denial of the benefits of the qualified immunity defense.").

## III. ARGUMENT

In light of the State Defendants' motion to dismiss currently pending before the Court and the qualified immunity issues raised by Plaintiff's Amended Complaint, the State Defendants respectfully request that no discovery schedule be set at the present

time. Plaintiff and Methodist Hospital are unopposed to a stay pending resolution of the State Defendants' motion to dismiss.

In his Amended Complaint, Shurb alleges that the Individual Defendants are liable in their individual capacities pursuant to § 1983. (Doc. 7, Am. Compl ¶¶ 121-143.) However, public officials performing discretionary functions (such as the Individual Defendants here) enjoy qualified immunity from such claims, provided the conduct alleged did not violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Moreover, qualified immunity is not merely a defense to liability but immunity from suit. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 42 (1995). The Supreme Court has also noted that qualified immunity is not just immunity from liability, but also immunity from the burdens of defending suit, including pretrial discovery. *See also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 113 S.Ct. 684, 688-89 (1993).

Should the Court deny the State Defendants' motion to dismiss and allow Shurb's § 1983 to proceed, the Individual Defendants will assert the qualified immunity defense in response to those claims. Although a plaintiff need not anticipate a claim of qualified immunity in his original pleading, he may be required to "engage the affirmative defense of qualified immunity when invoked." *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir.1995) (en banc). This is usually done through a Rule 7(a) reply. *See* FED. R. CIV. P. 7(a). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F.3d at 1433. "Vindicating the immunity doctrine

will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* at 1433; *see also Todd*, 72 F.3d at 446 (requiring Plaintiff to file Rule 7(a) reply to address qualified immunity defense to Section 1981 claims); *Wicks*, 41 F.3d at 996 n.21 (applying this heightened pleading standard to Section 1981 claims).

In this case, should the Individual Defendants be required to respond to Plaintiff's Amended Complaint (or any complaint asserting claims to which the qualified immunity defense applies), they plan to move for a Rule 7(a) reply pursuant to *Schultea.* The Fifth Circuit has determined that, once a Rule 7(a) reply has been ordered, it is appropriate to stay discovery pending a determination of the sufficiency of the pleadings. *Schultea*, 47 F.3d at 1434. Indeed, permitting discovery before a ruling on qualified immunity effectively denies defendants the benefits of the defense, the most relevant being the protection from pretrial discovery. *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995), *cert. denied* 115 S.Ct. 2555 (1995). Courts must therefore carefully scrutinize a plaintiff's claim before granting discovery. *Wicks*, 41 F.3d at 994. Such a limitation on discovery is necessary to uphold a "principal purposes of qualified immunity," that is "to shield governmental employees not only from liability, but also from defending against a lawsuit." *Bass v. Montgomery County Sheriff's Dept.*, Civ. A. No. H-05-2740, 2005 WL 3097899, at *3 (S.D. Tex. Nov. 18, 2005). The court "need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." *Schultea*, 47 F.3d at 1434.

Under this standard, courts in the Fifth Circuit have repeatedly stayed discovery pending a ruling on the sufficiency of the pleadings regarding qualified immunity. *See, e.g., Wicks*, 41 F.3d at 996 ("we hold that *any* discovery by Wicks, even that limited in scope, is improper and immediately appealable as a denial of the benefits of the qualified immunity defense."); *Hernandez v. Duncanville School Dist.*, Civ. A. No. 3:04-CV-2028-BH, 2205 WL 723458, at *10 (N.D. Tex. Mar. 29, 2005) (staying discovery pending ruling on sufficiency of pleadings regarding qualified immunity); *Bass*, 2005 WL 3097899, at *3 (same). Once plaintiff's pleadings are determined to be sufficient, the court may then bifurcate discovery if the defendants' immunity defense turns on a factual issue requiring discovery, in which case "the district court may then proceed ... to allow the discovery necessary to clarify those facts upon which the immunity defense turns." *Wicks*, 41 F.3d at 995.

Given the procedural posture of this case and the challenges raised to Shurb's claims by the State Defendants' motion to dismiss, any discovery would be premature at this point and improper under the Fifth Circuit's decisions in *Schultea* and *Wicks*. Thus, the State Defendants request that discovery be stayed pending the Court's ruling on the State Defendants' motion to dismiss and any subsequent pleadings regarding the Individual Defendants' defense of qualified immunity.

## IV.  CONCLUSION

For the foregoing reasons, the State Defendants request that this Court stay discovery pending the Court's ruling on the State Defendants' Motion to Dismiss Plaintiff's First Amended Complaint and any subsequent pleadings regarding the defense

5

of qualified immunity.

          Respectfully submitted,

          GREG ABBOTT
          Attorney General of Texas

          DANIEL T. HODGE
          First Assistant Attorney General

          DAVID C. MATTAX
          Deputy Attorney General for Defense Litigation

          JAMES "BEAU" ECCLES
          Chief, General Litigation Division


          /s/ Darren G. Gibson_____
          **DARREN G. GIBSON**
          **Attorney-in-charge**
          Texas Bar No. 24068846
          Southern District ID No. 1041236
          Darren.Gibson@oag.state.tx.us
          Assistant Attorney General
          Office of the Attorney General
          General Litigation Division -019
          P.O. Box 12548, Capitol Station
          Austin, Texas 78711-2548
          (512) 463-2120
          (512) 320-0667 FAX

          ***ATTORNEYS FOR THE STATE DEFENDANTS***

## CERTIFICATE OF CONFERENCE

I hereby certify that on April 18, 2013, I conferred with Plaintiff's counsel and counsel for Methodist Hospital regarding the relief sought in this motion. Plaintiff's counsel stated Plaintiff is unopposed to a stay of discovery pending the Court's ruling on the State Defendants' motion to dismiss, but Plaintiff may seek to reconsider the need for a stay following the Court's ruling. Methodist Hospital's counsel stated that Methodist Hospital is not opposed to the relief sought herein.

/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Jason J. Bach
The Bach Law Group PLLC
Flintrock Trace, Suite 255
Austin, Texas 78738
512-879-3901
jbach@bachlawfirm.com
*Attorney for Plaintiff*

Dwight W. Scott, Jr.
Scott Patton PC
3939 Washington Avenue, Suite 203
Houston, Texas 77007
Telephone: (281) 377-3266
dscott@scottpattonlaw.com
*Attorney for Defendant The Methodist Hospital*

/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
Assistant Attorney General