**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JASON SHURB | § | |
| | § | Case No.:4:13-cv-271 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| THE UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON-SCHOOL OF MEDICINE, et al. | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MOTION FOR PARTIAL RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 94)**

TO THE HONORABLE KENNETH M. HOYT:

NOW COMES Plaintiff, JASON SHURB, filing this, Motion for Partial Reconsideration pursuant to FRCP 59(e) regarding the Order Granting Defendants' Motion for Summary Judgment, and in support hereof, shows this honorable Court the following:

## I. FACTS

1. On October 24, 2014, the Court issued an Order granting Defendants' Motion for Summary Judgment (Dkt. No. 94). The Order incorrectly states that Plaintiff abandoned his constitutional claims of procedural and substantive due process and equal protection. (Dkt. No. 94, p. 5).

2. On August 13, 2013, the Court issued an Order dismissing Plaintiff's constitutional claims against the University. (Dkt. No. 30). The Court stated, "Moreover, the § 1983 claims against the University and individual defendants in their official capacities are dismissed pursuant to the Eleventh Amendment. *See Alegria v. Williams*, 314 F. App'x 687, 689 (5th Cir. 2009)

(section 1983 claims against the State and its officials in their official capacity are barred by sovereign immunity); *Jones v. Alfred*, 353 F. App'x 949, 951 (5th Cir. 2009) ("Section 1983 does not provide a cause of action against states or state employees in their official capacities for damages (citations omitted)." (Dkt. No. 30, p. 11)

3. The Court further stated that, "to the extent the plaintiff seeks reinstatement to the University, that would qualify as prospective injunctive relief, and such a claim may proceed against the University and individual defendants in their official capacities. *See Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) ("this circuit has always treated *Ex parte Young* as an appropriate vehicle for pursuing reinstatement to a previous" position)." (Dkt. No. 30, p. 15)

4. Subsequently, on October 7, 2013, the Court issued an Order dismissing Plaintiff's remaining constitutional claims against the individual defendants in their individual capacities. (Dkt. No. 41).

5. The parties participated in a status conference with Judge Hoyt on August 28, 2014. At that hearing, this Court asked Plaintiff's counsel, Jason J. Bach, if Plaintiff was abandoning his constitutional claims. Counsel for Plaintiff explicitly stated to the Court that Plaintiff was not abandoning any of his claims. In addition, Plaintiff's counsel indicated that the constitutional claims dismissed pursuant to Defendants' the motions to dismiss may be revisited on any potential appeal.

6. Therefore, the Court's statement in the October 24, 2014 Order is incorrect that, "Therefore, in light of the plaintiff's abandoned claims, the individual defendants are hereby DISMISSED." (Dkt. No. 94, p.5). All of Plaintiff's constitutional claims against the university and the individual defendants were previously dismissed. The only constitutional claim that remained prior to summary judgment was Plaintiff's hypothetical claim for prospective injunctive relief

against the individual defendants in their official capacities to the extent Plaintiff sought reinstatement into the university. Plaintiff did not seek reinstatement into the university. The injunctive relief he sought was the removal of negative notations and reference to his unlawful dismissal from his transcript so that he could apply and gain admission to an alternate medical school.

## II. ARGUMENT

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.") Reconsideration of a judgment is an "extraordinary remedy," and Rule 59(e) serves a narrow purpose of allowing a party to bring errors or newly discovered evidence to the Court's attention. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). A litigant seeking relief under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Balakrishnan v. Bd. of Supervisors of Louisiana State Univ. & Agr. & Mech. Coll*, 452 F. App'x 495, 499 (5th Cir. 2011) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). A Rule 59(e) motion cannot be used to argue a case under a new legal theory. *Id.* citing *Ross*, 426 F.3d at 763.

Plaintiff is entitled to relief from the Court's October 24, 2014 Order, which states that he abandoned all of his constitutional claims. As is set forth above, on August 13, 2013, the Court issued an Order dismissing Plaintiff's constitutional claims against the University and allowed Plaintiff to proceed with his constitutional claims against the individual defendants in their official capacities only to the extent he sought reinstatement into the University. (Dkt. No. 30).

Subsequently, on October 7, 2013, the Court issued an Order dismissing Plaintiff's remaining constitutional claims against the individual defendants in their individual capacities. (Dkt. No. 41). Moreover, Counsel for Plaintiff explicitly stated to the Court at the August 24, 2014 status hearing, that Plaintiff was not abandoning any of his claims. Plaintiff's counsel indicated that the constitutional claims dismissed pursuant to Defendants' the motions to dismiss may be revisited on any potential appeal.

The October 24, 2014 Order appears to state that Plaintiff abandoned all of his constitutional claims, which is contradicted by the record in this case.

Accordingly, Plaintiff has established that the Court erred in the October 24, 2014 Order and Plaintiff respectfully requests that the Court reconsider that Order pursuant to FRCP 59(e) and issue an amended Order correcting the statements that Plaintiff abandoned his constitutional claims.

WHEREFORE, Plaintiff requests the Court amend its prior order, in part, pursuant to Fed.R.Civ.P. 59(e), and issue an amended order clarifying that Plaintiff did not abandon his constitutional claims but that his constitutional claims against the University and individual defendants were, in fact, dismissed in previous Orders of the Court.

Respectfully submitted:
*/s/ Jason J. Bach*
JASON J. BACH
Texas State Bar No. 24071556
THE BACH LAW GROUP, PLLC
2802 Flintrock Trace, Suite 255
Austin, Texas 78738
Tel: (512) 879-3901
Fax: (702) 925-8788
Attorney in Charge for Plaintiff

**CERTIFICATE OF CONFERENCE**

This is to certify that on November 6, 2014 a conference was held with counsel for Defendants regarding the relief requested in this motion. Counsel has been informed that Defendants are opposed to the extent that Defendants' counsel could not recall whether Mr. Bach stated to the court during the August 24, 2014 status hearing that the constitutional claims were abandoned or whether they were previously dismissed.

*s/ Jason J. Bach*
JASON J. BACH

**NOTICE OF ELECTRONIC FILING**

The undersigned counsel hereby certifies that he has electronically submitted for filing a true and correct copy of the above and foregoing in accordance with the Electronic Case Files System of the Southern District of Texas on the 6th day of November, 2014.

*s/ Jason J. Bach*
JASON J. BACH

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of November, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Drew L. Harris
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, TX 78711-2548
Attorney for Defendants

*s/ Jason J. Bach*
JASON J. BACH