UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JASON SHURB, § | |
| § | |
| Plaintiff, § | |
| vs. § | CIVIL ACTION NO. 4:13-cv-00271 |
| § | |
| THE UNIVERSITY OF TEXAS HEALTH § | |
| SCIENCE CENTER AT HOUSTON-SCHOOL § | |
| OF MEDICINE, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ON MOTION FOR RECONSIDERATION

Before the Court is the plaintiff's, Jason Shurb (the "plaintiff"), Motion for Partial Reconsideration of Order Granting Defendant's Motion for Summary Judgment (Dkt. No. 97), requesting that the Court amend its Memorandum Opinion and Order to reflect that the plaintiff did not abandon his constitutional claims but rather that such claims were previously dismissed by Orders of this Court. The defendants, The University of Texas Health Science Center at Houston (the "University"), and Dr. Guiseppe N. Colasurdo ("Dr. Colasurdo"), Dr. Margaret C. McNeese ("Dr. McNeese") and Patricia E. Caver ("Carver"), in their official capacities, (the "individual defendants") (collectively, the "defendants"), have filed a response to the motion for reconsideration (Dkt. No. 98), citing no opposition to the plaintiff's motion "[t]o the extent plaintiff simply wants to clarify that the constitutional claims for damages were dismissed, rather than abandoned." *See* Dkt. No. 98 at 2. The defendants further maintain that "to the extent that the plaintiff now attempts to revive his abandoned constitutional claims for injunctive relief, that attempt should be denied." *Id.* The plaintiff has filed a reply disputing the defendants' characterization of his requested relief. (Dkt. No. 99).

After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the plaintiff's motion for reconsideration should be GRANTED in part and DENIED in part.  Accordingly, it is, therefore, ORDERED that the second to last sentence of the second paragraph on page 5 of the Court's Memorandum Opinion and Order, dated October 24, 2014, and identified as Docket No. 94, will be amended to reflect the following:  "The plaintiff's constitutional claims against the defendants were previously dismissed pursuant to this Court's Orders identified as Docket Nos. 30 & 41, save for the plaintiff's claim against the University and the individual defendants in their official capacities for prospective injunctive relief, *i.e.*, reinstatement to the University.  Given the plaintiff's failure to respond to the defendants' arguments in opposition to his injunctive relief constitutional claim coupled with plaintiff's counsel's acknowledgment during the August 28, 2014 status conference, the plaintiff's injunctive relief constitutional claim for reinstatement to the University will be treated as abandoned.  Therefore, the individual defendants in their individual capacities are hereby DISMISSED."

It is so **ORDERED**.

SIGNED on this 11th day of December, 2014.

_____
Kenneth M. Hoyt
United States District Judge